TWELKEMEYER, Respondent, v. ST. LOUIS
TRANSIT CO., Appellant.

St. Louis Court of Appeals, November 3, 1903.

1. **Negligence:** CONTRIBUTORY: QUESTION FOR JURY. The testimony of plaintiff tends to establish that, upon entering the street upon which defendant's tracks are laid, no north or south-bound car was in sight; that he had driven north on the east track a considerable distance, before he was apprised of the approach of the car from the south, which was then about 150 feet behind him; that he looked back sideways, also saw a south-bound car approaching at a high rate of speed, on the west track; that the eastern portion of the road was obstructed, and to get by the obstruction he whipped his horse to its greatest speed, at which rate it was moving when struck by the rear car: *Held*, a question for the jury whether plaintiff was guilty of contributory negligence.

2. ———: ———: INSTRUCTIONS. Instructing the jury that if they believe from all the evidence, that defendant's servants carelessly and negligently ran its car upon plaintiff's team, that by the exercise of ordinary care they could have avoided doing so, and that such negligence and not plaintiff's negligence, caused the injury, they should find for plaintiff, is not reversible error on account of such instructions being too general where other instructions restrict plaintiff's recovery to the negligence specifically pleaded.

3. **Pleading:** GENERAL DAMAGES: INSTRUCTIONS. Where the petition contained allegations of general damages, and defendant failed to object to evidence of plaintiff's earning capacity, the trial court was authorized to assume such objection waived, and to give an instruction based on such evidence.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *Charles A. Houts* for appellant.

(1) The plaintiff was guilty of contributory negligence as a matter of law in failing to look back from time to time while he was driving along the track. Moore v. Railway, 75 S. W. 672; Daives v. Railway, 159

Mo. 1; Adolph v. Railway, 76 N. Y. 530; Winch v. Railway, 33 N. Y. Supp. 615; Maxey v. Railway, 113 Mo. 1; Vogg v. Railway, 138 Mo. 172; Winter v. Railway, 8 Miscl. (N. Y.) 362; Morrissey v. Bridgeport Traction Co., 68 Conn. 215; Seik v. Railway, 9 Ohio C. D. 51; 2 Thompson on Negligence, secs. 1454-1457; Booth on Street Railways, sec. 316; Nellis on Street Surface Railroads, 344; Elliott on Roads and Streets, sec. 761. (2) Plaintiff was guilty of contributory negligence in not driving directly from the track when he discovered the approach of the car behind him. Culbertson v. Railway, 140 Mo. 35. (3) There was no evidence of speed of the north-bound car. It was therefore error to submit to the jury by instruction the question of defendant's negligence in operating the north-bound car at a speed in excess of eight miles an hour. Riley v. Sherwood, 144 Mo. l. c. 364; Graney v. Railway, 157 Mo. 666. (4) Where the specific acts of negligence are charged, a recovery by the plaintiff should be confined to the specific acts so charged. Pryor v. Railway, 85 Mo. App. 367; Fuchs v. St. Louis, 167 Mo. 640; Schlereath v. Railroad, 96 Mo. 509; Jacquin v. Railway, 57 Mo. App. 320. (5) Plaintiff's instruction number four, defining the elements of damage, directed the jury to consider, among other things, plaintiff's loss of time, because not pleaded as one of the plaintiff's elements of damage. Edwards v. Railway, 79 Mo. App. 257; Harper v. Railway, 70 Mo. App. 604; Muth v. Railway, 87 Mo. App. 422.

*Earnest E. Wood* for respondent.

(1) This is a question for the jury, which it has decided. Fishback v. Railway, 42 N. Y. Supp. 883; Eessler v. Railroad, 38 N. Y. Supp. 799; Cline v. Railroad, 43 La. Ann. 327. (2) He was thrown in sudden peril and did the best he could. In such a case he is not guilty of negligence, even though he failed to pursue the safest course. Kleiber v. Railway, 107 Mo. 240;

Siegrist v. Arnat, 10 Mo. App. 197; Dickinson v. Railway, 120 Mo. 140; Ephland v. Railway, 57 Mo. App. 147; Dutzi v. Geisel, 23 Mo. App. 676. The question of contributory negligence in this respect is one for the jury. Bush v. Railroad, 113 Mich. 513; Harper v. Phil. T. Co., 175 Pa. St. 129; Railroad v. Preston, 59 N. J. L. 264; Railroad v. Zeiger, 78 Ill. App. 463; Orensen v. Railroad, 149 N. Y. 590; Bernhard v. Railroad, 51 N. Y. St. 880; Gibbons v. Railroad, 155 Pa. St. 279; Consolidated T. Co. v. Hoight, 59 N. J. L. 577; Lyman v. Union T. Co., 114 Mass. 83. The question of contributory negligence in any particular case must be governed by the facts and circumstances which pertain to the case as made. Towner v. Railway, 52 Mo. App. 648. Plaintiff had the right to presume that the agents of the defendant would do their duty and obey the law. Moberly v. Railroad, 17 Mo. App. 15; Lynch v. Railway, 112 Mo. 420; Sandifer v. Lynn, 52 Mo. App. 553; Eswin v. Railroad, 96 Mo. 290; Gratiot v. Railroad, 116 Mo. 450; Sullivan v. Railroad, 117 Mo. 214. (3) The error, if any, was cured by the other instructions. If there was error, it was harmless. Fairbanks v. Long, 91 Mo. 628; Chambers v. Benoitt, 25 Mo. App. 520. (4) As the appeal is wholly without merit, the conclusion is justified that it was taken for delay, and the judgment should be affirmed with ten per cent damages. Cordell v. Bank, 64 Mo. 600; Schwander v. Boiler Co., 19 Mo. App. 534; Morrison v. Lehew, 17 Mo. App. 633; Utz v. Hoerr, 20 Mo. App. 36.

#### STATEMENT.

Spring avenue is a public thoroughfare in the city of St. Louis, unconstructed and but a common dirt street at the time of the accident presently considered, extending northwardly and southwardly, and intersected by Dodier street, Hebert street and Sullivan avenue, all streets extending eastwardly and westwardly. Defendant was then operating its line of street cars

upon its double track street railway on Spring avenue, and plaintiff on March 6, 1902, between seven and nine o'clock p. m., a newspaper carrier in a low one-horse cart emerging from Dodier street, drove northwardly upon the defendant's east track traveling in safety for the distance of a block, passing Hebert street and arriving within about fifty feet of Sullivan avenue. Plaintiff had completed his deliveries and was returning to his home, 3809 Lee avenue, and before turning into Spring avenue looked to the north and south and perceived no cars in sight, but when between Sullivan avenue and Hebert street, he heard a north-bound car approaching from the rear on the east track, as he estimated, about one hundred and fifty feet behind him, and he whipped his horse to full speed without leaving the east track, also observing a south-bound car approaching from the north on the western track, and when about fifty feet south of Sullivan avenue and as he was attempting to turn upon the roadway east of the east track, the cart was struck by the north-bound car in the rear, pushed along by it for ten or fifteen feet, thrown over upon the western track, and the horse and cart immediately struck by the south-bound car on the latter track, the horse fatally injured, the cart demolished and when the cars were stopped, the north-bound car had passed about twenty feet after striking the cart and the south-bound car on the west track had passed the other car and stopped a short distance below it, and plaintiff was extricated by the defendant's employees from under the front of the south-bound car. The evening was dark and the scene of the occurrence but poorly lighted. As not infrequently appears in these cases, there was considerable discrepancy in the testimony regarding the rate of speed at which the two cars were moving. On behalf of the plaintiff, additional to his own statements, three men were introduced as witnesses who were walking northwardly on Spring avenue beyond

the scene of the occurrence and had their attention directed to it by noise and cries and turning saw the north-bound car in collision with plaintiff's vehicle and the south-bound car run over the horse. From this testimony it further appeared that the fencing of the baseball grounds on the east side of Spring avenue between Sullivan avenue and Hebert street was then in course of reconstruction and the lumber for such purpose was piled on the east side of Spring avenue and for a distance and at the place where the cart was struck obstructed the eastern part of the roadway and that both cars were running at a high rate variously estimated at from twenty to twenty-five miles an hour.

On behalf of the defendant the testimony of the motorman and conductors tended to show that the cars were well lighted, their headlights burning, the gongs vigorously and continuously sounded by reason of the darkness, the standard of speed prescribed by city ordinance not exceeded, and the statements of the crews of the cars were to a limited degree confirmed by the testimony of two passengers on the south-bound car, the north-bound car being without passengers.

The final petition first alleged negligence in general terms, charging that at the time of the collision each of the colliding cars were carelessly, negligently and unskillfully conducted and operated by the servants and agents of defendant corporation, which carelessness, negligence and unskillfulness were the cause of plaintiff's injuries. Specific assignments of negligence were alleged by violations of the ordinance limiting the speed of street railway cars, and failure to comply with the ordinance to keep a vigilant watch for all vehicles and persons on foot either on the track or moving toward it, and at the first approach of danger to such person on foot or vehicle, the cars should be stopped in the shortest time and space possible, and these ordinances were read in evidence. The petition concluded with a

general averment of permanent injuries and prayer for damages in a large sum.

The answer consisted of a general denial and a plea of contributory negligence. The issues were joined by a reply in form of a general denial and after trial a jury returned a verdict for plaintiff. After unsuccessful motions in arrest and for new trial, defendant appealed.

REYBURN, J. (after stating the facts as above.) — The appellant urges that respondent was guilty of contributory negligence forbidding his recovery in failing to look back from time to time while he was driving on its track, or in not driving directly from the track when he discovered the approach of the car behind him. The testimony for plaintiff tends to establish that upon entering Spring avenue from the west no car north or south bound was in sight and that he had driven a considerable distance before he was apprised of the approach of the car from the south, which was then about 150 feet behind him; that he looked back sideways, also saw a south-bound car approaching at a high rate of speed upon the western track and that the eastern portion of the roadway was obstructed and to get by the obstruction he whipped his horse to its greatest speed at which rate it was moving when struck by the rear car.

Whether contributory negligence was under such conditions imputable to plaintiff, was at most a question for the jury. Even had he failed to look back, the purpose of such retrospection was fully accomplished by the forewarning of the rear car's rapid approach by the noise attending its movements. The mere driving upon the defendant's tracks at night was not alone such contributory negligence as would defeat his recovery. Klockenbrink v. Railroad, 172 Mo. 678. The imminent danger was upon him, and assuming, as he rightly might, that the car in his rear was being operated in obedience, and not in violation of the ordinance govern-

ing its rate of speed, and with the south-bound car nearing him at a rapid rate, without time for calm deliberation, impelled by the natural instinct of self-preservation, he might justly conclude that his best chance, if not his only hope, of escape was by urging his horse to greatest speed, pass the blocked-up part of the roadway and turn off into the unobstructed roadway east of the railway track. In any aspect the question whether, in view of the grave perils confronting him, he adopted the course of a man of ordinary prudence, was properly submitted to the jury. Donohue v. Railway, 91 Mo. 357; Kleiber v. Railway, 107 Mo. 240.

2. The third instruction of plaintiff was as follows:

"The court instructs the jury that if they believe from all the evidence that the agents or servants of the defendant corporation at the time of the injuries to plaintiff, carelessly and negligently ran said car or cars upon plaintiff's team, and that by the exercise of ordinary care they could have avoided doing so, and that such negligence and not negligence on the part of the plaintiff was the cause of the injuries to plaintiff, they should find for the plaintiff."

This is assailed as being too general, and sanctioning a finding for plaintiff, if the jury found any negligent conduct in the operation of the cars, whether or not reliance for recovery had been placed by the petition on such acts. Were this conceded for argument's sake but not otherwise, the jury, both by defendant's instructions, as well as by those on behalf of plaintiff, were charged to restrict plaintiff's recovery to the negligence specifically pleaded, and considering the instructions together, while such general instructions should usually be avoided, we do not consider in this case that the giving of the above instruction in such comprehensive language justifies a reversal.

3. The fourth instruction for plaintiff defining the elements of his possible recovery was as follows:

''4.   In assessing damages to plaintiff, should the jury decide that he is entitled to any, the jury should take into consideration the damage to his horse and cart, the pain and suffering undergone by plaintiff, his loss of time and injuries that he sustained to his physical and nervous system, if any, and if the jury find that plaintiff is entitled to damages, they should take into consideration the permanency of his injuries, if they find from the evidence his injuries are permanent, and give him such damages as they may believe from the evidence will fairly compensate him for the injuries sustained, not to exceed the sum of $15,000.''

The petition contained allegations of general damages, and error is assigned by reason of this instruction permitting recovery for loss of time without any foundation therefor in the pleading; but it is sufficient to indicate that at the trial, defendant failed to make objection to the testimony elicited, tending to show plaintiff's earning capacity, and the trial court was therefore authorized to assume such objection waived, and to give an instruction based on evidence, the admission of which it might rightfully presume was with the tacit consent of appellant.

Judgment affirmed.   *Bland, P. J.,* and *Goode, J.,* concur.